IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:20-cr-487-M-2
Case No. 5:23-cv-148-M

| | |
|---|---|
| MARTIN VILLILABOS MALAGA,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | ORDER |

This matter comes before the court on the United States' motion to dismiss [DE 123] Petitioner's pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [DE 91]. For the following reasons, the motion is granted in part and denied in part.

**I. Background**

On August 9, 2021, Petitioner Martin Villilabos Malaga ("Malaga") pled guilty by written plea agreement to possession with the intent to distribute fifty (50) grams or more of methamphetamine (Count Two) and possession of a firearm in furtherance of a drug-trafficking crime and aiding and abetting (Count Three). DE 59. On April 12, 2022, the court sentenced Malaga to 120 months' imprisonment on Count Two, followed by 60 months' imprisonment on Count Three, for a total sentence of 180 months. DE 89. Malaga did not appeal his sentence.

On March 24, 2023, Malaga filed a pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255 [DE 91]; his supporting memorandum [DE 92]; and a sworn declaration supporting the allegations in the petition [DE 93]. His petition brings ineffective assistance of counsel claims and seeks this court to "allow [him] to file a direct appeal." DE 91 at 12. On December 18, 2023,

the United States moved to dismiss Malaga's motion under Fed. R. Civ. P. 12(b)(6), or in the alternative for summary judgment under Fed. R. Civ. P. 56. DE 123. Malaga later responded. DE 131. The court is fully apprised.

## II. Legal Standards

### A. Motion to Dismiss for Failure to State a Claim

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must determine whether the petitioner has stated a facially plausible claim to relief based on the petitioner's well-pleaded allegations and after drawing all reasonable inferences in his favor. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). While the court must "construe *pro se* complaints liberally," it may not adopt "the improper role of an advocate" and need only address "questions squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The court may consider public records, *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); the files and records of the case, 28 U.S.C. § 2255(b); and its own familiarity with the case, *United States v. Dyess*, 730 F.3d 354, 359–60 (4th Cir. 2013). However, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The decision to convert a Rule 12 motion to a Rule 56 motion is committed to the discretion of the court. *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).

### B. Motion for Summary Judgment

Summary judgment under Fed. R. Civ. P. 56 is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

2

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *see also* Fed. R. Civ. P. 56(c). "A fact is 'material' if proof of its existence or non-existence would affect disposition of the case under applicable law. An issue of material fact is 'genuine' if the evidence offered is such that a reasonable jury might return a verdict for the non-movant." *Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756, 761 (4th Cir. 2021). Courts must view the evidence in the light most favorable to the nonmovant. *See id.*

### C. Ineffective Assistance of Counsel

The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The Supreme Court has long recognized that the right to counsel includes "the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970).

To state an ineffective assistance of counsel claim, the defendant must show (1) deficient performance and (2) resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, the defendant must show that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. To establish prejudice, the defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The petitioner "bears the burden of proving *Strickland* prejudice." *Fields v. Attorney General of State of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992). The court need not determine deficient performance before examining prejudice as a result of the alleged deficiencies. *Strickland*, 466 U.S. at 697.

3

## III. Discussion

### A. Failure to Explain His Guilty Plea

Malaga alleges that counsel failed to explain the immigration and other consequences of a guilty plea and the rights forfeited by proceeding with his plea and that, as a result of this alleged failure, his guilty plea was invalid. *See* DE 92 at 3–7. "[W]hen a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Lee v. United States*, 582 U.S. 357, 364–65 (2017) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

The record belies the notion that counsel's alleged deficiencies resulted in prejudice. At his arraignment, the court explained Malaga's trial rights and the differences between pleading guilty and going to trial. Arraignment Trans. at 5–6. The court also explained that Malaga would forfeit certain citizenship rights and "that any plea of guilty to any felony offense may result in your deportation or otherwise adversely affect your immigration status." Arraignment Trans. at 6–7, 13–15. Malaga swore under oath that he understood all of those rights; the charges against him; his sentencing exposure; and the potential immigration consequences of his plea. Arraignment Trans. at 11, 13–14. Accordingly, "any misinformation [Malaga] may have received from his attorney was corrected by the trial court at the Rule 11 hearing, and thus [Malaga] was not prejudiced." *See United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995). Malaga fails to state a plausible ineffective assistance of counsel claim based on an alleged failure to explain the consequences and rights forfeited as a result of his guilty plea.

4

## B. Failure to Appeal

Malaga alleges that counsel failed to file an appeal after he had told him to do so. *See* DE 92 at 7–8.[1] It is well-established that "an attorney who disregards a defendant's specific instruction to file a timely notice of appeal acts in a professionally unreasonable manner," regardless of the likelihood of success on appeal. *See United States v. Poindexter*, 492 F.3d 263, 268 (4th Cir. 2007); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993). If defense counsel ignores an express request by the defendant for an appeal, "prejudice is presumed because it results in the forfeiture of the appellate proceeding." *Id.*

Malaga alleges that he told his attorney to file an appeal. DE 92 at 7. His attorney "indicated that he was going to file the appeal," although he never filed. *Id.* at 8. Based on his attorney's alleged response, the court may reasonably infer that the appeal deadline had not yet expired or could have been reopened when Malaga instructed his attorney to file. Malaga plausibly states an ineffective assistance of counsel claim based on counsel's failure to timely appeal as instructed.

The United States argues that the alleged claim is deficient for purposes of Rule 12(b)(6) because the allegations "in no way allow[] the Court to draw the reasonable inference that his attorney failed to file an appeal as requested or promised." DE 124 at 16. However, the court need not make such an inference because Malaga plainly alleges that "he told his counsel to file an appeal." *See* DE 91 at 8; DE 92 at 7.

---

[1] As the United States points out, Malaga's allegations with respect to his failure-to-appeal claim are inconsistent. Petitioner alleges that "he told his counsel to file an appeal." DE 91 at 8; DE 92 at 7. He also submits a declaration indicating that he "asked about the appeal [that] counsel said he was going to file." DE 93 ¶ 5. However, drawing all reasonable inferences in favor of the nonmovant and in accordance with the rules of liberal construction for pro se petitioners, the court construes Malaga's failure-to-appeal theory to be based on the allegation that he told his attorney to file an appeal.

5

The United States also requests that the court convert its Rule 12 motion into a Rule 56 motion and summarily dismiss Malaga's claim because of the absence of a genuine factual dispute. *See* Fed. R. Civ. P. 12(d). In support of its request, the United States points to the declaration of Malaga's counsel, which states that Malaga did not ask counsel to file an appeal on the day of his sentencing hearing or at any time thereafter. DE 125 ¶ 7; DE 126-1 ¶ 7. The declaration also states that if Malaga had asked counsel to file an appeal, counsel would have done so. DE 125 ¶ 7; DE 126-1 ¶ 7. However, Malaga has submitted his own sworn declaration stating that he "asked about the appeal [that] [c]ounsel said he was going to file." DE 93 ¶ 5.

Based on the conflicting evidence presented by the parties, a genuine dispute of material fact exists as to the issue whether Malaga expressly requested or instructed his attorney to file an appeal on his behalf. An evidentiary hearing is therefore required. *See Poindexter*, 492 F.3d at 272 (requiring evidentiary hearing "if it is unclear in the record whether the attorney was so instructed"); *see also United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004) ("[I]f the parties produce evidence disputing material facts with respect to non-frivolous habeas allegations, a court must hold an evidentiary hearing to resolve those disputes."). The court requests Magistrate Judge Jones to hold an evidentiary hearing and to issue a memorandum and recommendation on Malaga's ineffective assistance of counsel claim based on his attorney's failure to file an appeal as requested. *See Castrejon v. United States*, No. 5:19-CR-111-D-2, 2022 WL 4099458, at *3 (E.D.N.C. Sept. 7, 2022). The court further requests Judge Jones to assess Malaga's credibility at the hearing and to determine whether Malaga has committed perjury concerning his discussions with his attorney regarding an appeal.

## IV. Conclusion

For the foregoing reasons, the court GRANTS IN PART the United States' motion to dismiss [DE 123] and DISMISSES Malaga's ineffective assistance of counsel claims based on his attorney's alleged failure to explain the nature and consequences of his guilty plea. The court DENIES a certificate of appealability as to these dismissed claims. *See* 28 U.S.C. § 2253(c); *Miller-El v. Cockrell*, 537 U.S. 322, 366–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court DENIES IN PART the United States' motion to dismiss [DE 123] and REFERS Malaga's claim based on his attorney's failure to file an appeal to Magistrate Judge Jones for a prompt evidentiary hearing and a memorandum and recommendation.

SO ORDERED this 24th day of July, 2024.

Richard E Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE