IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:20-CR-00487-2-M

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MARTIN VILLILABOS MALAGA, )<br>)<br>Defendant. )<br>) | ORDER |

This matter comes before the court on Defendant's pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). [DE 96]. Defendant seeks a reduced sentence on account of (1) the recent murder of his wife and his children's need for a caregiver; (2) Defendant's "medical condition" and exposure to COVID-19; and (3) his rehabilitation. *Id.* After careful consideration, the court finds that Defendant has not identified an extraordinary and compelling reason for release, and in any event, the relevant § 3553(a) factors counsel against granting the requested relief. The motion is DENIED.

### I.    Abbreviated Factual and Procedural History

On October 28, 2020, Defendant was indicted for conspiracy to distribute fifty grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), possession with the intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(2), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) and Section 2. [DE 1]. Pursuant to a written plea agreement, Defendant pleaded guilty to the latter two charges. [DE 59]. On April 12, 2022, Defendant was sentenced to the mandatory minimum of 180 months of imprisonment. [DE 89].

On June 6, 2023, Defendant filed the pending motion. [DE 96]. Through counsel, he filed a supplement to the pro se motion on October 17, 2023, [DE 104], and the United States filed a Response in Opposition on November 30, 2023. [DE 118].

**II.     Legal Standards**

Typically, a sentencing court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). "Congress provided an exception to that general rule . . . which permits courts to reduce a sentence or permit immediate release based on extraordinary and compelling reasons warranting such relief." *United States v. Centeno-Morales*, 90 F.4th 274, 278 (4th Cir. 2024) (quoting 18 U.S.C. § 3582(c)) (cleaned up). Once, these requests could only come from the Director of the Federal Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). Following the passage of the First Step Act, however, federal inmates were authorized to directly file motions for compassionate release once they "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [at] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*; *see also Centeno-Morales*, 90 F.4th at 279.

In considering these motions, a district court must conduct a two-step analysis. *Id.* First, the court must determine whether a defendant is eligible for a sentence reduction because he or she has demonstrated extraordinary and compelling reasons for release. 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022). Any potential sentence reduction must also be consistent with applicable policy statements issued by the United States Sentencing Commission, and the Commission has promulgated a non-exhaustive list of circumstances constituting acceptable "extraordinary and compelling" rationales. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024); U.S.S.G. § 1B1.13(b). Because this list is non-

2

exhaustive, a district court "has authority to consider any 'extraordinary and compelling reason' that a defendant might raise, regardless of the Sentencing Commission's pronouncements or . . . definitions." *United States v. Hall*, No. 09-CR-0520, 2024 WL 1485724, at *1 (D. Md. Apr. 5, 2024) (citing *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)).

Second, if the court finds there are extraordinary and compelling reasons for a sentencing modification, it must then evaluate the relevant § 3553(a) sentencing factors. *Centeno-Morales*, 90 F.4th at 279. The defendant bears the burden of showing why the § 3553(a) factors justify a modified sentence, *id.*, and a court may deny the defendant's motion based on its own analysis of the factors, even if an extraordinary and compelling circumstance exists. *See United States v. Kibble*, 992 F.3d 326, 331–32 (4th Cir. 2021).

### III. Analysis

Based on the requirements of § 3582(c)(1)(A), Defendant's motions require the court to consider (1) whether he exhausted his administrative remedies; (2) if so, whether extraordinary and compelling reasons exist warranting a reduction of his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors. The record reflects that Defendant has exhausted the available administrative remedies. [DE 96-2].

a. Extraordinary and Compelling Reasons

Defendant first argues that extraordinary and compelling circumstances exist on account of the murder of his wife, which has left his three minor daughters "without a parental figure." [DE 104 at 2]. He advises that, at present, they are being cared for by their twenty-four-year-old brother, Brayan Villilabos, who "is struggling with caring for them because of the traumatic manner of their mother's death and because [he] is young and newly married." *Id.*

The Guidelines counsel that familial circumstances can constitute an extraordinary and

3

compelling reason for a sentence reduction. U.S.S.G. § 1B1.13(b)(3). As relevant here, such circumstances exist upon "[t]he death or incapacitation of the caregiver of the defendant's minor child." § 1B1.13(b)(3)(A). Generally, courts have only granted compassionate release based on family circumstances when "a defendant is the sole available caregiver for his or her minor child." *United States v. Bardwil*, No. 3:20-CR-436, 2023 WL 8421093, at *2 (W.D.N.C. Dec. 4, 2023) (quotation omitted). Courts have found that compassionate release is inappropriate when "there may be relative caregivers available to take custody" of the child or when granting the motion would not result in the defendant assuming those responsibilities. *United States v. Sanchez*, No. 2:20-CR-10, 2024 WL 1653769, at *2 (W.D. Va. Apr. 16, 2024) (finding that compassionate release was inappropriate because other relatives were available to care for the minor child and because the defendant's motion for compassionate release had already been denied by the Northern District of Iowa).

The death of Defendant's wife is tragic, and the court is sympathetic, but these particular family circumstances do not overcome the high bar established by § 3582(c)(1)(A). Defendant readily admits that his minor children are being cared for by their older brother, and despite the difficulties such a task inevitably creates, Mr. Villilabos is apparently available to serve in that capacity. [DE 104 at 2]. In a letter to the court, he writes that the three girls "are starting to get used to the living conditions that [he is] able to provide them," and he confirms that he is employed. [DE 104-9]. Further, Defendant's brother and sister-in-law, Wilfrano Villalobos Malaga and Gabriela Duran, submitted a notarized letter stating that they can "completely take care of" Defendant's daughters, both financially and emotionally. [DE 104-10]. The court takes Defendant's point that "even when . . . another caregiver is technically available," extraordinary and compelling circumstances may exist if such family members are unable to provide adequate

4

care. [DE 104 at 3]. This is not such a circumstance. Defendant's older son may be struggling, but he has demonstrated the ability to care for his siblings, and other relatives have voiced their willingness to provide both financial and emotional assistance. The court finds that Defendant is not the sole available caregiver for his minor children.

Even if Defendant's children had no other caretakers, Defendant has not shown that granting a sentence reduction would allow him to assume custodial responsibilities over his children. The United States advises that Defendant is not an American citizen and is subject to an immigration detainer. [DE 118 at 11]. Accordingly, upon the termination of his federal sentence, he will be taken into the custody of the U.S. Immigration Customs and Enforcement ("ICE") pending removal proceedings. *Id.* The court's review of the record confirms Defendant's status as a non-citizen, [DE 72 at 2], and while the court is unable to independently verify whether an immigration detainer has been issued, under federal law, the offenses to which he pleaded guilty "create a presumption of mandatory removal from the United States." [DE 59 at 5–6]; *see also* 8 U.S.C. § 1227(a)(2)(B). Because granting the pending motion would not likely allow Defendant to assume custody of his minor children, the court finds that Defendant's family circumstances are not an extraordinary and compelling reason for relief.

Defendant next argues that an unspecified medical condition and his exposure to COVID-19 constitute an extraordinary and compelling reason for a sentence reduction. The Guidelines advise that extraordinary and compelling reasons exist when (1) "the defendant is housed at a correctional facility affected or at imminent risk of being affected by . . . an ongoing outbreak of infectious disease;" (2) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complication or death as a result of exposure to the ongoing outbreak of infectious disease;" and (3) "such risk cannot be adequately mitigated in a

5

timely manner." U.S.S.G. § 1B1.13(b)(1)(D). "To establish that the risk posed by COVID-19 presents an extraordinary and compelling reason for release, the defendant must allege that the risk of contracting COVID-19 is higher in prison than outside of it, and that his preexisting conditions increase the risk of experiencing a serious or fatal case of the virus." *Davis*, 99 F.4th at 655 (citing *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023)); *see also United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021). Here, Defendant does not allege that the facility in which he is housed is currently subject to a COVID-19 outbreak, and aside from referencing "mild medical problems," he does allege that he is particularly susceptible to infection. The court, therefore, finds that this is not an extraordinary and compelling reason for a sentence reduction.

Finally, Defendant argues that his rehabilitation while incarcerated justifies relief. He states that he is "no longer the same immature and irresponsible person whom this Court incarcerated almost several years ago," and his counsel provides records detailing his work history, lack of inmate discipline history, and certificates for various educational courses. [DE 96, 118-15, 118-16, 118-17, 118-18]. The court applauds these efforts, but "good behavior and self-improvement are expected of federal inmates." *United States v. McKenzie*, 636 F. Supp. 3d 892, 898 (E.D. Tenn. 2022), *appeal dismissed*, No. 22-6013, 2023 WL 3476635 (6th Cir. May 2, 2023); *see also United States v. Abrams*, No. 3:11-CR-00384, 2023 WL 3397418, at *4 (W.D.N.C. May 11, 2023) (explaining that "a defendant's compliance with prison rules is a minimum expectation of incarceration, not an extraordinary circumstance"). The court finds this is not an extraordinary and compelling reason for a sentence reduction.

b. 3553(a) Factors

Defendant has not identified an extraordinary and compelling reason for relief, but even if he did, the § 3353(a) weigh against granting the motion. *See Centeno-Morales*, 90 F.4th at 279.

6

Defendant argues that "his release would not endanger the safety of any other person or his community." [DE 104 at 4]. He emphasizes that the underlying conduct was non-violent, and he states that his lack of disciplinary infractions and low risk of recidivism (as calculated by a study from the U.S. Sentencing Commission) support this position. *Id.* at 4–5. However, aside from his good behavior while incarcerated, many of these considerations were present at sentencing and taken into account by the sentencing judge. Judge Britt explicitly recognized Defendant's lack of criminal history and difficult family circumstances, and accordingly, he sentenced him to the statutory minimum of 180 months. [DE 108 at 7–8]. Defendant was sentenced on April 13, 2022, and has subsequently served almost three years of his fifteen-year sentence. [DE 89]. After considering the policy judgment of Congress in setting the mandatory minimum, the need to promote respect for the rule of law, and the need to afford adequate deterrence both to Defendant and to others who would engage in the sale of methamphetamine, the court finds that the imposed sentence remains appropriate.

### IV.    Conclusion

For the aforementioned reasons, the pro se motion for a sentence reduction is DENIED. [DE 96].

SO ORDERED this __3d__ day of January, 2025.

Richard E Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

7